# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
### TERRE HAUTE DIVISION

SUSAN GRUND,               )
                                 )
               Plaintiff,     )
                                 )
vs.                             )     Case No. 2:12-cv-00038-WTL-MJD
                                 )
INDIANA DEPARTMENT of     )
CORRECTION, et al.,           )
                                 )
              Defendants.    )

## Entry Discussing Amended Complaint, Dismissing Insufficient Claims and Directing Further Proceedings

## I. Background

Plaintiff Susan Grund is an inmate currently confined at the Indiana Women's Prison. The amended complaint, filed on November 19, 2013, and pursuant to 42 U.S.C. § 1983, lists numerous allegations of misconduct and unlawful prison conditions occurring from 2006 through October of 2013, while she was incarcerated at the Rockville Correctional Facility ("RCF") and the Indiana Women's Prison ("IWP"). She names the following defendants: 1) the Indiana Department of Correction (IDOC"); 2) Bruce Lemmon, Commissioner of the IDOC; 3) Craig Hanks, Acting Executive Director; 4) Julie Stout, Superintendent, RCF; 5) Steve McCauley, Superintendent, IWP; 6) Lashelle Turner, Assistant Superintendent, IWP; 7) Sandra Beecher, Case Manager, IWP; 8) Genavea McPhearson, Sergeant, IWP; 9) Stephanie Whitfield, Correctional Officer, IWP; 10) Frank Bryan, Correctional Officer, IWP; 11) Shannon Vaughn; 12) Dr. Amanda Bartles, Physician, Corizon Health Services; and 13) Julie Murphy, Health Case

Administrator, Corizon Health Services.[1] She sues the defendants in their official and individual capacities. Grund seeks money damages and a declaratory judgment that the defendants' alleged wrongful conduct violated the United States Constitution and the Indiana Constitution. She also seeks injunctive relief.

## II. Screening

### A. The Legal Standard

Because Grund is a "prisoner" as defined by 28 U.S.C. § 1915(h), the Court must screen her amended complaint as required by 28 U.S.C. § 1915A. Pursuant to this statute, "[a] complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show that plaintiff is not entitled to relief." *Jones v. Bock*, 127 S. Ct. 910, 921 (2007). A complaint falls within this category if it "alleg[es] facts that show there is no viable claim." *Pugh v. Tribune Co.*, 521 F.3d 686, 699 (7th Cir. 2008).

To survive dismissal under federal pleadings standards,

[the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Merely alleging legal theories without supporting factual allegations is not sufficient. *Id.* ("A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement.) (internal quotations omitted).

---

[1] Grund includes the names of other individuals throughout the body of her complaint that she does not name as defendants in "Part III. Parties" of her complaint. Because she did not include these individuals in the section titled Parties, the Court did not consider them as defendants intended to be included in this action. "Pro se litigants are masters of their own complaints and may choose who to sue-or not to sue." *Myles v. United States*, 416 F.3d 551, 552 (7th Cir. 2005).

Grund is suing under 42 U.S.C. § 1983 alleging that the defendants deprived her of due process rights under the Fourteenth Amendment because they were deliberately indifferent to the conditions of her confinement and her serious medical needs. Although Grund brings her claims pursuant to the Fourteenth Amendment, because she has been convicted of a crime, her § 1983 claims are analyzed under the Eighth Amendment's Cruel and Unusual Punishment Clause.[2]

## B. Claims

Grund bring the following claims:

**Count I** – Grund alleges that defendants Bruce Lemmon and Steve McCauley were deliberately indifferent to the unsafe and unsanitary conditions at the IWP.

**Count II** – Grund alleges that defendants Bruce Lemmon and Julie Stout were deliberately indifferent to the unsafe and unsanitary conditions at the RCF, and that such indifference caused her to be injured on three occasions.

**Count III** – Grund alleges that Bruce Lemmon and Julie Stout were deliberately indifferent to the restriction placed on her computer access as a result of Grund's book *Untangled*, and were similarly indifferent to the retaliation tactics, humiliation and unjust punishments she endured at the direction of Lt. Lawson, Peggy White and other staff at the RCF.

**Count IV** – Grund alleges that Bruce Lemmon, Steve McCauley, LaShelle Turner, Sandra Beecher, Genavea McPhearson, Correctional Officer Whitfield, and Correctional Officer Frank Bryan were deliberately indifferent to the retaliation tactics, humiliation, unjust punishments and due process violations she endured at her conduct hearing at the direction of Sergeant King.

---

[2] As a practical matter, this distinction does not affect Grund's claim, as the Seventh Circuit has "held that § 1983 claims brought under the Fourteenth Amendment are to be analyzed under the Eighth Amendment test." *Henderson v. Sheahan*, 196 F.3d 839, 844 n. 2 (7th Cir. 1999).

**Count V** – Grund alleges that Bruce Lemmon, Steve McCauley, Shannon Vaughn, Julie Murphy, and Dr. Amanda Bartles were deliberately indifferent to her serious medical needs.

**Count VI** – Grund alleges that Bruce Lemmon, Steve McCauley, Sandra Beecher, Correctional Officer Whitfield, Dr. Bartles, and Julie Murphy deprived her of the basic human need of having access to a toilet for periods of forty or more minutes, six times a day, during count time.

**Count VII** – Grund alleges that Bruce Lemmon and Steve McCauley violated the Equal Protection Clause when they deprived her of "offender representation" when prison officials chose the dorm representative rather than allowing the offenders to choose the dorm representative.

**Count VIII** – Grund alleges in a kitchen sink approach that Bruce Lemmon, Craig Hanks, Julie Stout, Steve McCauley, LaShelle Turner, Sandra Beecher, Genavea McPhearson, Stephanie Whitfield, Frank Bryan, Shannon Vaughn, Julie Murphy, and Dr. Amanda Bartles violated her various State and Federal constitutional rights in a variety of ways.

### C. Insufficient Claims

The IDOC cannot be sued under § 1983 because it is not a person within the meaning of that statute. *Will v. Michigan Dept. of State Police*, 491 U.S. 58 (1989). Any claim for damages brought against the IDOC **is dismissed for failure to state a claim upon which relief can be granted**.

Similarly, suing a state employee in his or her official capacity is the same as suing the state. *Norfleet v. Walker*, 684 F.3d 688, 690 (7th Cir. 2010). The claims for damages brought against the individual defendants in their official capacities are **dismissed for failure to state a claim upon which relief can be granted.**

Any claim based on an asserted violation of the Indiana Constitution is **dismissed for failure to state a claim upon which relief can be granted** because there is no private cause of action for damages under the Indiana Constitution. *Hoagland v. Franklin Twp. Comm. School Corp.,* 10 N.E.3d 1034, 1040 (Ind. Ct. App. 2014) ("There is no express or implied right of action for monetary damages under the Indiana Constitution.").

Any claims based on incidents that occurred prior to February 21, 2010, are **dismissed for failure to state a claim upon which relief can be granted** because they fall outside the applicable two year statute of limitations.[3] *Richards v. Mitcheff*, 696 F.3d 635, 637 (7th Cir. 2012) (applying Indiana's two-year statute of limitations for personal injury actions to section 1983 claims). A Court may dismiss a complaint or claim based on statute of limitations if it is so plain from the language of the complaint and other documents in the district court's files that "the plaintiff effectively pleads herself out of court by alleging facts that are sufficient to establish the defense." *Hollander v. Brown,* 457 F.3d 688, 691 n.1 (7th Cir. 2006); *see also Gleash v. Yuswak,* 308 F.3d 758, 760 (7th Cir. 2002).

Count I alleges that Commissioner Lemmon and Superintendent McCauley were deliberately indifferent to unsafe and unsanitary conditions at the IWP. The alleged unlawful conditions are electrical wire hanging down to electrical appliances near cell doors, filthy shower water draining out of a shower onto the restroom floors, overcrowding of three or four offenders in a two-woman cell, and housing mentally challenged prisoners and offenders who bully and who are violent in general population. Grund has not alleged any physical injury as a result of these conditions. 42 U.S.C. 1997e(e). In addition, conditions of confinement may rise to the level

---

[3] Under the *Federal Rules of Civil Procedure* 15(c)(1)(B), the allegations in Grund's amended complaint relate back to the date of the original pleading when "the amendment asserts a claim . . . that arose out of the conduct, transaction, or occurrence set out – *or attempted to be set out* – in the original pleading." Emphasis added.

of a constitutional violation only if those conditions involved the deprivation of a single identifiable human need or the denial of the "minimal civilized measure of life's necessities." *Wilson v. Seiter,* 501 U.S. 294, 298-305 (1991) (internal quotation omitted); *Duran v. Elrod,* 760 F.2d 756, 759 (7th Cir. 1985) ("The conditions of imprisonment, whether of pretrial detainees or of convicted criminals, do not reach even the threshold of constitutional concern until a showing is made of genuine privations and hardship over an extended period of time.") (internal quotation omitted). None of these circumstances rise to the level of the degree of hardship and duration of time required to state a claim. Count I is **dismissed for failure to state a claim upon which relief can be granted.**

Counts II and III allege that Commissioner Lemmon and Superintendent Stout were deliberately indifferent to unsafe and unsanitary conditions at the RCF. The alleged unlawful conditions included placing rusted metal drawers in the headspace of a bottom bunk causing Grund to be injured three times, in September and October of 2009, and March of 2010. The 2009 claims are barred by the statute of limitations. *Mitcheff*, 696 F.3d at 637. Grund further alleges that Superintendent Stout added beds to Grund's cell, manually locked the cell doors at night, and was indifferent to a restriction placed on Grund's computer access. Such conduct, and the alleged unlawful conditions in March of 2010, do not rise to the level of an Eighth Amendment violation because the conditions were not objectively "sufficiently serious so that a prison official's act or omission results in the denial of the minimal civilized measure of life's necessities." *Townsend v. Fuchs,* 522 F.3d 765, 773 (7th Cir. 2008) (internal citations and quotation marks omitted). In addition, the amended complaint does not allege sufficient facts to bring Commissioner Lemmon within the scope of liability because he did not personally

participate in any constitutional violation. Counts II and III are **dismissed for failure to state a claim upon which relief can be granted.**

Count IV alleges that defendants Bruce Lemmon, Steve McCauley, LaShelle Turner, Sandra Beecher, Genavea McPhearson, Correctional Officer Whitfield, and Correctional Officer Frank Bryan were "deliberately indifferent to" improper actions by a Sgt. King at a disciplinary hearing. In addition to the deficiency that these defendants did not allegedly personally participate in any violation of Grund's due process rights, Count IV is **dismissed for failure to state a claim upon which relief can be granted** because Grund cannot bring a civil rights claim that ultimately challenges a disciplinary proceeding unless and until any finding of guilt is overturned or otherwise expunged. *See Heck v. Humphrey,* 512 U.S. 477, 487 (1994) and *Edwards v. Balisok,* 520 U.S. 641 (1997).

Count V alleges that Bruce Lemmon, Steve McCauley, Shannon Vaughn, Julie Murphy, and Dr. Amanda Bartles were deliberately indifferent to her serious medical needs. Neither Commissioner Lemmon nor Superintendent McCauley are medical providers, but Grund alleges that she sent letters or complaints to them. Without personal liability, there can be no recovery under § 1983. *Burks v. Raemisch*, 555 F.3d 592, 593-94 (7th Cir. 2009) (section 1983 does not establish a system of vicarious responsibility. Liability depends on each defendant's knowledge and actions, not on the knowledge or actions of persons they supervise.") (internal citation omitted). "It is well established that there is no *respondeat superior* liability under § 1983." *Gayton v. McCoy*, 593 F.3d 610, 622 (7th Cir. 2010). If an official, who is not otherwise responsible for the allegedly unconstitutional conditions or actions, could be held liable upon being notified by the plaintiff, then a plaintiff could choose to bring any and all officials within the scope of liability simply by writing a series of letters. "[S]uch a broad theory of liability is

inconsistent with the personal responsibility requirement for assessing damages against public officials in a § 1983 action." *Crowder v. Lash*, 687 F.2d 996, 1006 (7th Cir. 1982). Therefore, **Count V, as asserted against defendants Commissioner Lemmon and Superintendent McCauley, is dismissed for failure to state a claim upon which relief can be granted.**

Count VI alleges that Commissioner Lemmon, Superintendent McCauley, Sandra Beecher, Officer Whitfield, Dr. Bartles, and Julie Murphy denied her adequate access to restrooms for forty minutes at a time during "count" several times a day. Adequate "facilities to wash and use the toilet are among the minimal civilized measures of life's necessities that must be afforded prisoners." *Jaros v. Ill. Dept. of Corrections,* 684 F.3d 667, 670 (7th Cir. 2012) (internal quotation omitted). The alleged short delays in access to a restroom during lockdown, however, which are the result of the legitimate penological purpose of conducting "count," inconveniences all inmates and does not rise to the level of a constitutional violation. Count VII is **dismissed for failure to state a claim upon which relief can be granted.**

Count VII alleges that Commissioner Lemmon and Superintendent McCauley violated the Equal Protection Clause of the Fourteenth Amendment when they deprived Grund of offender representation by classifying a "dorm representative" of the prison's choosing instead of allowing offenders to choose by voting for their representative as stated in IDOC policy. Count VII is **dismissed for failure to state a claim upon which relief can be granted** because a "person bringing an action under the Equal Protection Clause must show intentional discrimination against him because of his membership in a particular class, not merely that he was treated unfairly as an individual." *Herro v. City of Milwaukee*, 44 F.3d 550, 552 (7th Cir. 1995) (internal quotation omitted). "Prisoners are not a suspect class for equal protection purposes." *Johnson v. Daley,* 339 F.3d 582, 585-86 (7th Cir. 2003). Grund has no constitutional

right to select a dorm representative, nor does she allege any intentional discrimination on the basis of her "class."

In Court VIII, Grund simply makes broad legal assertions against each of the defendants that they, as an entire group, violated her rights and developed policies that also violated her rights. However, merely alleging legal theories without supporting factual allegations is not sufficient. *Ashcroft*, 556 U.S. at 678. As such, Count VIII is **dismissed for failure to state a claim upon which relief can be granted**.

### D. Additional Factual Assertions

The Court acknowledges that Grund alleges other facts that do not appear to fall within the scope of her enumerated Counts. The Court will address them separately.

Grund alleges that in January of 2013, Case Manager Sandra Beecher threatened to place her in segregation if she (Grund) filed any more complaints about the conditions in Cottage 5, where Beecher is the Case Manager. A threat to place an inmate in segregation does not state a due process violation. Verbal threats are not sufficient to state a constitutional violation cognizable under § 1983. *Patton v. Przybylski,* 822 F.2d 697, 700 (7th Cir. 1987). This claim asserted against defendant Beecher **is dismissed for failure to state a claim upon which relief can be granted.**

Grund claims that she sent Commissioner Lemmon and Superintendent McCauley letters and also requested that Lemmon approve an out of state transfer. Grund has no right to be placed in any particular facility, much less an out of state prison. *Meachum v. Fano*, 427 U.S. 215, 225 (1976). This claim **fails to state a claim upon which relief can be granted.**

Acting Executive Director Craig Hanks is responsible for the Adult Facilities within the IDOC. He is evidently named because he allegedly denied Grund's request for an out of state

transfer and because of his overall responsibility for the operation of the DOC. This alone will not support liability under § 1983. *Antonelli v. Sheahan*, 81 F.3d 1422, 1428 (7th Cir. 1996) ("a prisoner may not attribute any of his constitutional claims to higher officials by the doctrine of respondeat superior; the official must actually have participated in the constitutional wrongdoing.") (internal quotations omitted). Moreover, as noted above, Grund has no liberty interest in remaining in a particular prison. *Meachum* 427 U.S. at 225. As such, the claims asserted against Acting Executive Director Craig Hanks are **dismissed for failure to state a claim.**

In summary, Counts I-VIII as to defendants IDOC, Bruce Lemmon, Craig Hanks, Julie Stout, Steve McCauley, Lashelle Turner, Sandra Beecher, Genavea McPhearson, Stephanie Whitfield and Frank Bryan **are dismissed for failure to state a claim** and terminated from the docket.

The clerk shall **update the docket** consistent with the foregoing.

No partial final judgment shall issue as the claims dismissed in this Entry.

## E.  Claim that Shall Proceed

Count V alleges that Shannon Vaughn, Julie Murphy, and Dr. Amanda Bartles were deliberately indifferent to her serious medical needs. The main factual allegations against Shannon Vaughn, Dr. Amanda Bartles, and Julie Murphy are in paragraphs 44 and 47 of the amended complaint, and all occurred in January of 2013 and concern the denial of nutrition and medical care. Grund alleges in her amended complaint that these defendants were deliberately indifferent to her serious medical needs in violation of the Eighth Amendment proscription against cruel and unusual punishment. The claim against these defendants **may proceed**.

In Summary, Count V as to defendants Shannon Vaughn, Dr. Amanda Bartles, and Julie Murphy **may proceed**.

### III. Further Proceedings

This Entry sets forth how the Court discerns the claims in Grund's amended complaint. Grund **shall have through September 11, 2014**, in which to notify the Court if she contends that any claim has been overlooked.

The case shall proceed as to the deliberate indifference claims asserted against Shannon Vaughn, Dr. Amanda Bartles, and Julie Murphy.

The clerk is designated pursuant to Fed. R. Civ. P. 4(c)(3) to issue and serve process on defendants Shannon Vaughn, Dr. Amanda Bartles, and Julie Murphy in the manner specified by Fed. R. Civ. P. 4(d)(1). Process shall consist of the amended complaint (dkt. 40), applicable forms and this Entry

**IT IS SO ORDERED**.

Date: _08/11/2014_____

Distribution:

SUSAN GRUND #941457
INDIANA WOMENS PRISON
Inmate Mail/Parcels
2596 Girls School Road
Indianapolis, Indiana 46214

Dr. Amanda Bartles
Corizan Correctional Healthcare
3737 N. Meridian, Ste. 500
Indianapolis, Indiana 46208

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Shannon Vaughn
Corizan Correctional Healthcare
3737 N. Meridian, Ste. 500
Indianapolis, Indiana 46208

Julie Murphy
Corizan Correctional Healthcare
3737 N. Meridian, Ste. 500
Indianapolis, Indiana 46208


**NOTE TO CLERK: PROCESSING THIS DOCUMENT REQUIRES ACTIONS IN ADDITION TO DOCKETING AND DISTRIBUTION.**